1

2

3

4

5

6

7                          **UNITED STATES DISTRICT COURT**
                          **WESTERN DISTRICT OF WASHINGTON**
8                                    **AT SEATTLE**

9    ERIC GILBERT,                              Case No. 25-cv-00568

10                  Plaintiff,                  **EX PARTE MOTION TO EXPEDITE**
                                                **BRIEFING AND NOTATION DATE**
11          v.                                  **FOR EXPEDITED DISCOVERY**
                                                **AHEAD OF SETTING OF MERGER**
12   NORDSTROM, INC.; NAVY ACQUISITION          **VOTE**
     CO., INC.; NORSE HOLDINGS, INC.; ERIK
13   B. NORDSTROM; PETER E. NORDSTROM;          **NOTE ON MOTION CALENDAR:**
     JAMES L. DONALD; KIRSTEN A. GREEN;         **April 4, 2025**
14   GLENDA G. MCNEAL; AMIE THUENER
     O'TOOLE; GUY B. PERSAUD; ERIC D.
15   SPRUNK; BRADLEY D. TILDEN; MARK J.
     TRITTON; ATTICUS N. TYSEN; EL
16   PUERTO DE LIVERPOOL S.A.B. DE C.V.,

17                  Defendants.

18

19

20

21

22

23

24

25

26

27

28

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

# I.    INTRODUCTION

Plaintiff Eric Gilbert ("Plaintiff") respectfully submits this motion seeking expedited discovery, expedited briefing regarding same, and a briefing schedule on the anticipated preliminary injunction motion with a hearing to be held prior to an anticipated stockholder vote.

Plaintiff is a common stockholder of Nordstrom, Inc. ("Nordstrom" or the "Company"). (¶¶ 7, 29).[1] The Company entered into a Merger Agreement, whereby a buyer group consisting of members of the founding Nordstrom family (the "Nordstrom Family") and El Puerto de Liverpool S.A.B. de C.V ("Liverpool," collectively with the Nordstrom Family, the "Buyer Group") will cash out public stockholders for $24.25 per share. (¶¶ 1-2, 125).  A vote on the Merger has yet to be scheduled, but Company counsel has advised that the vote will likely be held sometime in May.

Plaintiff's books and records investigation[2] revealed that the Merger likely violates the Washington Business Corporation Act's Anti-Takeover Statute,[3] because the Merger is not subject to the approval of stockholders holding two-thirds of the Company's shares *excluding* the Buyer Group. This violation will irreparably harm public stockholders should the vote on the Merger proceed as currently structured.  Plaintiff contemplates filing a motion for a preliminary injunction to enjoin the improper vote and the consummation of the Merger.  This motion seeks expedited discovery to confirm whether to seek an early injunction.

Plaintiff seeks expedited briefing on this motion, which would otherwise be briefed and heard in 21 days per local rules. *See* LCR 7(d)(3), 37(a)(2). While all but two Defendants have been formally served (Erik Nordstrom and Liverpool) and counsel has been provided with Plaintiff's discovery requests, Defendants currently have no obligation to appear until 21 days after such service. *See* Declaration of Reed R. Kathrein filed in support hereof ¶¶ 2-4; Exhibits A-D. But by then, the vote with the improper threshold may already be scheduled.  Thus, absent expedited briefing and decision on this motion, Plaintiff's ability to seek relief in advance of the

---

[1] All references to "¶ ____" herein shall be to the corresponding paragraphs of Plaintiff's Complaint filed on March 31, 2025 (the "Complaint").

[2] On January 9, 2025, Plaintiff served the Company a books and records demand pursuant to RCW 23B.16.020 to investigate potential violations of the Anti-Takeover Statute as well as the unfairness of the Merger.

[3] Washington Business Corporations Act, RCW 23B.19.040.

**HAGENS BERMAN**

1  stockholder vote will be severely limited.

2      Plaintiff has attempted to meet and confer with known counsel.  As part of those efforts,

3  Plaintiff agreed to limit his requested document discovery to documents and communications

4  concerning the September 3 Proposal (as defined below) and the Anti-Takeover Statute from June

5  1, 2024 to September 11, 2024. *See* Kathrein Declaration ¶¶ 2, 5-7; Exhibit A. However, the

6  parties have not reached agreement as of the time of this filing. *See* Kathrein Declaration.

7      Therefore, given notice to known counsel, Plaintiff seeks an order from this Court

8  expediting any opposition to this motion to Tuesday, April 8, 2025, and respectfully requests a

9  decision on the motion as soon as the following day, Wednesday, April 9, 2025.

10     Plaintiff's motion seeks very limited discovery critical to the anticipated preliminary

11 injunction motion.  Thus, the Court should grant such expedited discovery and order that

12 Defendants respond to the interrogatories and produce documents within 10 days of the Court's

13 ruling on this motion. As stated below, Plaintiff has good cause to warrant expedited discovery

14 proceedings before a conference takes place under Fed. R. Civ. P. 26.

15                **II.    BACKGROUND**

16     The Anti-Takeover Statute places strict limits on transactions between a Washington

17 corporation and an "acquiring person" for a period of five years after the acquiring person acquires

18 10% of the Company's outstanding stock. (¶¶ 58-60). For those five years, the corporation cannot

19 engage in a "significant business transaction," such as the Merger, with an acquiring person, unless

20 the transaction is approved (a) by the board of directors *prior to* the acquiring person's share

21 acquisition time; or (b) by the affirmative vote of two-thirds of the Company's outstanding shares

22 *excluding* the votes of the acquiring person. (*Id.*).

23     Under the statute, a person "beneficially own[s]" any shares owned by another person with

24 whom the first person has "any agreement, arrangement, or understanding [an "AAU"], whether

25 or not in writing, for the purpose of acquiring, holding, voting, or disposing of the shares." (*Id.*).

26 In other words, one stockholder's shares are aggregated with another stockholder should the two

27 stockholders come to an AAU regarding a significant business transaction, including a take-private

28 merger. (*Id.*). Importantly, the Anti-Takeover Statute "would encompass 'all arrangements,

MOTION TO EXPEDITE - 2
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

1   whether formal or informal, written or unwritten,' whether or not the arrangement constituted a

2   legally binding contract." *Siegman for Siegman v. Columbia Pictures Ent., Inc.*, 1993 WL 10969,

3   at *5 (Del. Ch. Jan. 15, 1993).[4]   The Buyer Group collectively owns 43% of Nordstrom's stock,

4   thus triggering the pre-approval requirement of the Anti-Takeover Statute. (¶¶ 60, 107).

5        On September 3, 2024, the Company's Board approved the formation of the Buyer Group,

6   which permitted Liverpool to reach an AAU with the Nordstrom Family under the Anti-Takeover

7   Statute ***after*** that date. However, the Preliminary Proxy indicates that Liverpool and the Nordstrom

8   Family reached an AAU regarding a take-private transaction well ***before*** September 3. Proxy at

9   43-44; Complaint ¶¶ 61,104. Among other facts suggesting the existence of an AAU before

10  September 3,[5] the Buyer Group submitted a detailed take-private proposal to the Special

11  Committee *the same day* the Board approved the formation of the Buyer Group, suggesting they

12  had already reached an AAU. Proxy at 44; Complaint ¶¶ 105-110.

13       The Merger as currently structured violates the Anti-Takeover Statute because it is not

14  conditioned on the approval of holders of two-thirds of the Company's outstanding shares,

15  *excluding* the Buyer Group's shares. (¶ 110).

16                    **III.    ARGUMENT**

17  **A.    Legal Standard**

18       Under Rule 26(d)(1), the Court can authorize expedited discovery before a Rule 26(f)

19  conference upon a showing of "good cause." *See Amazon.com, Inc. v. Aalitood*, 2024 WL 308109,

20  at *1 (W.D. Wash. Jan. 26, 2024). Good cause exists "where the need for expedited discovery, in

21  consideration of the administration of justice, outweighs the prejudice to the responding party."

22  *Amazon.com, Inc. v. Pondit*, 2024 WL 5318718, at *2 (W.D. Wash. Dec. 26, 2024) (internal

23  citation omitted). Moreover, "diligence and the intent of the moving party are the focus of the

24  inquiry into good cause." *Id.* (citing *Johnson v. Mammoth Recreations, Inc.* 975 F.2d 604, 609 (9th

25  Cir. 1992)).

26  _____

27  [4] *Cf. Goldberg Fam. Inv. Corp. v. Quigg*, 184 Wash. App. 1019 (2014) ("Because the Delaware courts have significant experience with the law of business entities, the courts of this state often look to Delaware decisions as persuasive authority.").

28  [5] *See,e.g.*, Compl. ¶¶ 61-104.

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

In determining a request for expedited discovery, the Court considers the following factors: "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Veeder-Root Fuelquest, LLC v. Wisdom*, 2021 WL 1209257, at *3 (W.D. Wash. Mar. 31, 2021). (citations omitted). Here, these factors support Plaintiff's request for expedited discovery.

**B.    Good Cause Exists for Targeted Expedited Discovery**

Good cause exists to expedite discovery because a legally improper stockholder vote on the Merger could be scheduled any time, with the closing occurring immediately thereafter. If Plaintiff is forced to wait to obtain discovery in the normal course, the improper vote and closing will have already taken place, resulting in irreparable damage to the Company's stockholders.

Each of the applicable factors supports the finding of good cause.

*First*, Plaintiff seeks expedited discovery in anticipation of a motion to preliminarily enjoin the consummation of the Merger unless or until the Merger agreement is amended to comply with the Anti-Takeover Statute. Although a motion for a preliminary injunction is not currently pending, courts in this Circuit have held that "expedited discovery may be justified to allow a plaintiff to determine whether to seek an early injunction." *Apple Inc. v. Samsung Elecs. Co.*, 2011 WL 1938154, at *2 (N.D. Cal. May 18, 2011); *Interserve, Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 143665, at *2 (N.D. Cal. Jan. 7, 2010) (finding good cause to permit expedited discovery to allow a litigant "to determine whether to seek an early injunction."); *Bona Fide Conglomerate, Inc. v. SourceAmerica*, 2014 WL 12515242, at *2 (S.D. Cal. Nov. 7, 2014) (finding this factor weighed in favor of the party seeking expedited discovery, even though there was not a motion for preliminary injunction pending, because the requesting party "indicates that it may seek an injunction once it has an opportunity to review" the discovery"). That is precisely what Plaintiff seeks to do here.

*Second*, Plaintiff seeks only targeted discovery and has significantly narrowed his request in discussions with Nordstrom's counsel. *See* Kathrein Declaration ¶¶ 2, 5-7; Exhibit A. Discovery will be principally focused on confirming that members of the Nordstrom Family and Liverpool

MOTION TO EXPEDITE - 4
CASE NO. 25-CV-00568
011293-11/3180639 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

1   reached an AAU *prior to* Board approval on September 3, 2024. *See, e.g.*, *Hardie v. N.C.A.A.*,

2   2013 WL 1399333, at *2 (S.D. Cal. Apr. 5, 2013) (considering whether discovery requests were

3   "narrowly tailored to the issues in the motion for preliminary injunction," and finding "the majority

4   of the information sought is relevant to the pending motion for preliminary injunction and is likely

5   to assist the Court in resolving the motion."); *NobelBiz, Inc. v. Wesson*, 2014 WL 1588715, at *2

6   (S.D. Cal. Apr. 18, 2014) (granting expedited discovery when the plaintiff "has proffered facts that

7   provide a reasonable basis to believe that Defendant" engaged in behavior that is the subject of the

8   suit). Moreover, the requested discovery is necessary, because Plaintiff has exhausted all other

9   avenues after previously serving a books and records demand on the Company. Communications

10  among the Buyer Group members are critical to confirm a full understanding of the Buyer Group's

11  relationship.

12      *Third*, as described above, Plaintiff seeks expedited discovery in aid of Plaintiff's

13  forthcoming application for a preliminary injunction. There can be no question that an injunction

14  is the appropriate remedy for violations of the Anti-Takeover Statute. As numerous courts have

15  observed, "[s]hareholder voting rights are sacrosanct," *EMAK Worldwide, Inc. v. Kurz*, 50 A.3d

16  429, 433 (Del. 2012), and the "loss of voting power constitutes irreparable injury." *Phillips v.*

17  *Insituform of N. Am., Inc.*, 1987 WL 16285, at *11 (Del. Ch. Aug. 27, 1987).

18      *Fourth*, the burden on the Defendants to comply is minimal considering the irreparable

19  harm faced by the public stockholders if the $6.25 billion Merger is approved in violation of

20  Washington's statutory requirements. Moreover, as noted above, Plaintiff only seeks targeted

21  discovery and does not seek third-party discovery.

22      *Fifth*, Plaintiff has also moved with sufficient alacrity.  Plaintiff filed his complaint on

23  March 31, 2025, two weeks after Nordstrom completed its production of Board and Special

24  Committee minutes on March 14, 2025.  Plaintiff served counsel for the Company a courtesy copy

25  of the Complaint on April 1, 2025, and the discovery requests on April 2, 2025.  And, Nordstrom's

26  counsel has been aware of Plaintiff's investigation into the Merger's adherence to the Anti-

27  Takeover Statute since sending his books and records demand on January 9, 2025.  Moreover, on

28  April 2, 2025, Plaintiff sent a redacted copy of the Complaint and discovery requests to known

counsel for Defendants Erik B. Nordstrom, Peter E. Nordstrom and Liverpool.

This Motion is being filed just four days after Plaintiff filed his complaint. Due to the immediacy of the shareholder vote on the pending Merger, Plaintiff has no choice but to seek expedited discovery. Under normal course discovery, Plaintiff will not be able to obtain the discovery he needs prior to the stockholder vote and its subsequent closing. *See, e.g.*, *Hardie*, 2013 WL 1399333, at *2 ("[B]ecause the MSNM Western Basketball Tournament is scheduled for this summer, the Court finds that under a normal discovery schedule, it is likely Plaintiff would not be able to obtain discovery prior to the tournament.").

In sum, the factors weigh in favor of granting expedited discovery.

## IV.    CONCLUSION.

For the reasons stated above, Plaintiff respectfully requests that the Court grant Plaintiff's request for expedited briefing on this motion and permit expedited discovery.

I certify that this memorandum contains 2,026 words, in compliance with the Local Civil Rules.

DATED: April 4, 2025                    Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
    Steve W. Berman, WSBA #12536
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Reed R. Kathrein
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com



1

      _s/ *Jason Leviton*_____
      Jason Leviton, WSBA #34106 (voluntarily inactive)

2

      **BLOCK & LEVITON LLP**
      260 Franklin St. Suite 1860

3

      Boston, MA 021110
      Telephone: (617) 398-5600

4

      Email: jason@blockleviton.com

5

6

      Kimberly A. Evans
      Lindsay K. Faccenda

7

      Daniel M. Baker
      **BLOCK & LEVITON LLP**

8

      222 Delaware Avenue, Suite 1120
      Wilmington, DE 19801

9

      Telephone: (302) 499-3600
      Email: kim@blockleviton.com

10

      Email: lindsay@blockleviton.com
      Email: daniel@blockleviton.com

11

12

      Ned Weinberger

13

      **LABATON KELLER SUCHAROW LLP**
      222 Delaware Ave., Suite 1510

14

      Wilmington, DE 19801
      Telephone: (302) 573-2540

15

      Email: nweinberger@labaton.com

16

      John Vielandi

17

      **LABATON KELLER SUCHAROW LLP**
      140 Broadway

18

      New York, NY 10005
      Telephone: (212) 907-0700

19

      Email: jvielandi@labaton.com

20

      *Attorneys for Plaintiff*

21

22

23

24

25

26

27

28

