**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| ERIC GILBERT,<br><br>           Plaintiff,<br><br>    v.<br><br>NORDSTROM, INC.; NAVY ACQUISITION CO., INC.; NORSE HOLDINGS, INC.; ERIK B. NORDSTROM; PETER E. NORDSTROM; JAMES L. DONALD; KIRSTEN A. GREEN; GLENDA G. MCNEAL; AMIE THUENER O'TOOLE; GUY B. PERSAUD; ERIC D. SPRUNK; BRADLEY D. TILDEN; MARK J. TRITTON; ATTICUS N. TYSEN; EL PUERTO DE LIVERPOOL S.A.B. DE C.V.,<br><br>           Defendants. | Case No. 25-cv-00568<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF EX PARTE MOTION TO EXPEDITE BRIEFING AND NOTATION DATE FOR EXPEDITED DISCOVERY AHEAD OF SETTING OF MERGER VOTE** |

REPLY ISO MOTION TO EXPEDITE
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Plaintiff Eric Gilbert ("Plaintiff") respectfully submits this Reply in further support of his Motion for Expedited Discovery (the "Motion").

## I. ARGUMENT

Plaintiff's request for expedited discovery is timely and appropriate. Plaintiff pursued his complaint and request for expedition just weeks after the Company produced books and records that were critical to the formulation of Plaintiff's claims, belying Defendants' complaints of delay. Though Defendants contend that the process was "Board-driven," such a contention (even if true, which it is not) does not defeat Plaintiff's claim for violation of the Anti-Takeover Statute. Plaintiff has satisfied the standard for good cause and has proposed limited discovery tailored to the precise question at issue here: whether the Buyer Group formed an AAU prior to obtaining Board approval such that the stockholder vote is not subject to the statutorily-required threshold. Plaintiff's Motion should be granted.

### A. Plaintiff Moved Expeditiously to Protect Nordstrom's Stockholders.[1]

Contrary to Defendants' arguments,[2] Plaintiff's Motion is procedurally proper and necessary. Plaintiff has already explained that this Motion *ex parte* was needed because the 21-day schedule for contested motions would have rendered the Motion effectively moot – a decision by late April would not allow Defendants sufficient time to produce documents and the parties to brief a motion for preliminary injunction before a "May" vote, the precise date of which was only disclosed *after* Plaintiff filed his Motion. *See* Motion at 6. This Court has inherent authority to expedite proceedings and manage its docket. *See id*.

Plaintiff sought relief without delay. Following the guidance of courts to use the "tools at hand" to plead a viable complaint, Plaintiff served his books and records demand on the Company on January 9, 2025,[3] just over two weeks after the Company announced the proposed Merger on December 23, 2024.[4] The Company began producing responsive books and records, including

---

[1] "¶ _" citations and terms undefined refer to the Verified Stockholder Class Action Complaint (the "Complaint").

[2] Dkt. 41 (the "Opp.").

[3] *See, e.g.*, *Seinfeld v. Verizon Commc'ns, Inc.*, 909 A.2d 117, 120 (Del. 2006) (encouraging pre-litigation books and records demands).

[4] Nordstrom, Form 8-K at Ex. 99.1 (Dec. 23, 2024).

REPLY ISO MOTION TO EXPEDITE - 1
CASE NO. 25-cv-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

1  Board and Special Committee minutes, on February 28, 2025. The Company did not complete its
2  production until March 14, 2025. The March 14 production included evidence underlying
3  Plaintiff's allegations concerning AAUs between the Nordstrom Brothers and Liverpool.[5] Plaintiff
4  filed his Complaint on March 31, 2025, just over two weeks after Nordstrom's final production.
5  Plaintiff thereafter sought to engage with Defendants regarding service of process and discovery.[6]

6  Contrary to Defendants' assertions, Plaintiff's counsel has requested to meet and confer
7  with Defendants' counsel no less than five times.[7] Defendants refused,[8] even after Plaintiff
8  narrowed his discovery requests in an effort to compromise.[9] Despite Plaintiff's repeated requests
9  for the date of the stockholder vote, Plaintiff only learned of the newly scheduled date at 10:38
10 p.m. last night. Defendants previously disclosed it would occur in "May."[10]

11 Plaintiff acted reasonably and with alacrity.

12 **B.    Plaintiff's Claim of Statutory Noncompliance Merits Expedited Discovery.**

13 Defendants oppose Plaintiff's application on the basis that the Board managed the Merger
14 process and therefore complied with the Anti-Takeover Statute.[11] But this argument, which is
15 premised on factual inferences that should not be credited at this stage and which should be
16 resolved following a motion for preliminary injunction, highlights precisely why discovery is
17 necessary here. Plaintiff should be granted discovery to better understand the Merger process and
18 specifically determine whether Liverpool became an "acquiring person" by entering into an AAU
19 with the Nordstrom Brothers before the Board, on September 3, approved the formation of the

---

[5] ¶¶ 85, 103. *See, e.g.*, 61-110.

[6] Motion at 2.

[7] *See* Kathrein Declaration, Exhibit A ("Ex. A") at 1-10.

[8] *Id.*

[9] Tellingly, Defendants initially refused to meet and confer because Plaintiff had not yet moved to expedite, but paradoxically now refuse to meet and confer precisely *because* Plaintiff moved to expedite. *Compare* Ex. A at 2 ("Plaintiff is asking Defendants to agree to expedite these proceedings having not yet even filed a request to expedite.") *with* Ex. A at 1 ("Given that your request for expedited discovery is now before the Court, we do not otherwise believe a further meet and confer will be constructive at this time.").

[10] Ex. A at 1-6.

[11] Opp. at 7-10.

REPLY ISO MOTION TO EXPEDITE - 2
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Buyer Group. *See Siegman v. Columbia Pictures Entm't, Inc.*, 1993 WL 10969, at *1178 (Del. Ch. Jan. 15, 1993). Plaintiff's requested limited discovery would resolve that critical factual question.

Tellingly, although Defendants focus on the purported "purpose" of the Anti-Takeover Statute,[12] they do not address the crux of Plaintiff's argument: that the Buyer Group's formation of an AAU prior to September 3 without Board approval renders the upcoming May 16 stockholder vote in violation of the Anti-Takeover Statute, necessitating injunctive relief.[13] *See Allen v. Prime Computer, Inc.*, 540 A.2d 417, 421 (Del. 1988) (statutory noncompliance is irreparable harm); *see also Gimbel v. Signal Cos.*, 316 A.2d 599, 603 (Del. Ch. 1974) (noting that unwinding a merger after closing is a practical impossibility because one cannot "unscramble the eggs"), *aff'd*, 316 A.3d 619 (Del. 1974).

Defendants' inference that the Board managed the Merger process ignores Plaintiff's well-pleaded facts. The Complaint details circumstantial, inferential, and indirect proof of AAUs, broadly defined as "all arrangements, whether formal or informal, written or unwritten,"[14] prior to the Board's September 3 waiver.[15] Indeed, the Buyer Group sent a letter strongly indicative of preexisting AAUs between Liverpool and the Nordstrom Brothers on offer price and structure, as well as agreements not to vote in favor of alternative proposals.[16]

Confirming the existence of an AAU (or multiple AAUs) prior to September 3 through limited discovery would confirm the Merger's statutory noncompliance. Such discovery would

---

[12] *See* Opp. at 7-10. Defendants also note that the Anti-Takeover Statute has not been addressed by Washington Courts, but readily acknowledge that Delaware's Section 203 is analogous. *Id.* at 8. Case law interpreting that statute may be helpful to the Court.

[13] *See* Motion at 3-4.

[14] *Flannery v. Genomic Health, Inc.*, 2021 WL 3615540, at *9 (Del. Ch. Aug. 16, 2021). *See also* RCW 23B.19.020(5)(B).

[15] *See, e.g.*, ¶¶ 50-107.

[16] ¶¶ 107-108.

REPLY ISO MOTION TO EXPEDITE - 3
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

further confirm that, contrary to being "Board-driven,"[17] the Merger process was driven by the Nordstrom Brothers.[18] The Anti-Takeover Statute is intended to forbid precisely this kind of conduct. *See Siegman*, 576 A.2d at 632 (interpreting Delaware's analogous Section 203).

The Court deserves a more developed record before ruling, even preliminarily, on this dispositive factual question in the Anti-Takeover Statute's first judicial impression.

**C.   Plaintiff Has Satisfied the Good Cause Standard.**

All five factors for evaluating good cause support expedited discovery here.

First, Defendants complain that Plaintiff has not yet filed an injunction motion. Defendants ignore that Plaintiff's injunction application became ripe only on Defendants' disclosure of the May 16 vote date, which occurred last night. Plaintiff explicitly seeks targeted discovery "to determine whether to seek an early injunction," proper grounds for expedition. Motion at 5; *see also Alvarez v. LaRose*, 2020 WL 5594908, at *8 (S.D. Cal. Sept. 18, 2020) (noting that expedited discovery could "save[] both sides time and resources that might otherwise be wasted on a preliminary injunction motion[.]").[19]

While the Board and Special Committee minutes and resolutions produced by the Company in response to Plaintiff's books and records demand support Plaintiff's claims,[20] documents showing the contemporaneous communications of the Nordstrom Brothers and Liverpool are critical to demonstrate the existence of an AAU among them prior to September 3. The Court should have the benefit of a more developed record in deciding whether to enjoin the

---

[17] Defendants' cases are inapposite. *See Genomic Health*, 2021 WL 3615540 at *9 (no colorable allegation of AAU on voting shares, unlike here); *Iconix* (buyer came to the Board first, not so with Liverpool here).

[18] ¶¶ 61-82.

[19] Defendants' reliance on *Fluke Elec. Corp. v. CorDEX Instruments, Inc.*, 2013 WL 566949 (W.D. Wash. Feb. 13, 2013), is misplaced; the plaintiff there had not moved for injunctive relief two months after moving to expedite and the court explicitly acknowledged that "there are undoubtedly circumstances where granting a motion for expedited discovery in the absence of a motion for preliminary equitable relief is warranted[.]" *Id.* at *10-11. The Court did not announce a general rule that this factor cannot be satisfied where a preliminary injunction motion has not been filed.

[20] *See, e.g.*, ¶¶ 50-51, 53-57, 69-71, 73, 74-76, 78-83, 85, 89-94, 98-106.

REPLY ISO MOTION TO EXPEDITE - 4
CASE NO. 25-cv-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Merger.  *See* Motion at 6; *NobelBiz, Inc. v. Wesson*, 2014 WL 1588715, at *2 (S.D. Cal. Apr. 18, 2014) ("[E]xpedited discovery would allow the Court to address any request for preliminary injunctive relief at the outset of the case, thereby providing a measure of clarity to the parties early in the proceeding[.]").

The second and fourth factors (the breadth of and burden associated with the discovery requests) also weigh in Plaintiff's favor. Plaintiff's three interrogatories and four document requests are narrowly tailored to the precise issue before the Court: the existence of AAUs in the months preceding the September 3 waiver approval.[21] Defendants assert without support that their discovery burden is "substantial."[22] But any burden (assuming one exists) is outweighed by the interest in ensuring the $6.25 billion Merger meets the Anti-Takeover Statute's requirements.

Likewise, the third factor, the purpose for requesting expedited discovery, weighs in favor of expedition.  Plaintiff seeks the targeted discovery to determine whether to proceed to file a preliminary injunction to enjoin the Merger and prevent irreparable harm to "fundamental stockholder rights guaranteed by statute." *Datapoint Corp. v. Plaza Sec. Co.*, 496 A.2d 1031, 1036 (Del. 1985); *Allen v. Prime Computer, Inc.*, 540 A.2d 417, 421 (Del. 1988) ("[T]he deprivation of such a right, regardless of duration, is an injury not reasonably compensable by damages[.]"). Expedited discovery concerning what the Nordstrom Brothers may have been doing behind the Board's back is necessary to determine whether the current requisite vote is legally proper. *See, e.g.*, *Hawkes v. Bettino*, C.A. No. 2020-0360-PAF, at 50 (Del. Ch. May 15, 2020) (TRANSCRIPT) (expediting discovery after finding "a sufficient threat of irreparable harm" where there is "a [Section 203] statutory violation that would preclude the closing of the merger under Delaware law"); *Greenway v. KCG Holdings, Inc.*, C.A. No. 2017-0421-JTL, at 4-8 (Del.

---

[21] Kathrein Declaration, Exhibit B at 1, 12-20.

[22] Opp. at 12-13.

REPLY ISO MOTION TO EXPEDITE - 5
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Ch. June 9, 2017) (TRANSCRIPT) (expediting discovery and stating that "discovery should primarily focus on the existence of the alleged agreement between Jefferies and Virtu."); ("[I]f the 203 claim is valid and the merger then can't close, then it creates this recursive disclosure problem, because the stockholders would want to know going into the vote that the merger can't close.").[23]

Defendants' reliance on *Genomic* and *Iconix* is misplaced, and highlights precisely why discovery is necessary here.[24] Defendants cite those cases as examples of a "board-driven process," but Plaintiff has alleged just the opposite: the Nordstrom Brothers acted *without* Board authorization. Defendants' unsupported assurances that the process was "board-driven" should not shield them from discovery.

Finally, the fifth factor (how far into the discovery process the request was made), is discussed above.[25] Plaintiff has moved with alacrity.

**D.    Defendants' Proposed Schedule is Unreasonable.**

Defendants' proposed schedule would have Plaintiff submitting his preliminary injunction motion tomorrow without the benefit of discovery, while allowing Defendants weeks to oppose that motion. This schedule is objectively prejudicial and unreasonable.[26]

Plaintiff proposes that Defendants produce documents on or before April 21, 2025, Plaintiff file his opening injunction brief on April 28, Defendants file an opposition by May 5, and Plaintiff file his reply by May 9, seven days before the scheduled May 16 vote.

---

[23] Kathrein Declaration, Exhibits C & D.

[24] Opp. at 8-10, 12.

[25] *See supra* at § I(A).

[26] Should the Court determine that limited discovery is not warranted, Plaintiff respectfully requests his opening injunction brief be due a week after the Court's ruling on this Motion.

REPLY ISO MOTION TO EXPEDITE - 6
CASE NO. 25-CV-00568
011293-11/3180639 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## II.    CONCLUSION

For these reasons and the reasons set forth in the Motion, the Court should grant Plaintiff's Motion for expedited discovery.

DATED: April 10, 2025               Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
    Steve W. Berman, WSBA #12536
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com

Reed R. Kathrein
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com

 s/ *Jason Leviton*
Jason Leviton, WSBA #34106 (voluntarily inactive)
**BLOCK & LEVITON LLP**
260 Franklin St. Suite 1860
Boston, MA 021110
Telephone: (617) 398-5600
Email: jason@blockleviton.com

Kimberly A. Evans
Lindsay K. Faccenda
Daniel M. Baker
**BLOCK & LEVITON LLP**
222 Delaware Avenue, Suite 1120
Wilmington, DE 19801
Telephone: (302) 499-3600
Email: kim@blockleviton.com
Email: lindsay@blockleviton.com
Email: daniel@blockleviton.com

REPLY ISO MOTION TO EXPEDITE - 7
CASE NO. 25-CV-00568
011293-11/3180639 V1


**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Ned Weinberger
**LABATON KELLER SUCHAROW LLP**
222 Delaware Ave., Suite 1510
Wilmington, DE 19801
Telephone: (302) 573-2540
Email: nweinberger@labaton.com

John Vielandi
**LABATON KELLER SUCHAROW LLP**
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Email: jvielandi@labaton.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF recipients.

DATED this 10th day of April, 2025.

*s/ Steve W. Berman*
Steve W. Berman

# CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

I hereby certify that this memorandum contains 1,983 words, excluding the caption, table of contents, table of authorities, signature blocks, and certificate of service, in compliance with the Local Civil Rules.

DATED this 10th day of April, 2025.

*s/ Steve W. Berman*
Steve W. Berman

REPLY ISO MOTION TO EXPEDITE - 8
CASE NO. 25-CV-00568
011293-11/3180639 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX