UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ERIC GILBERT,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>NORDSTROM, INC. ET AL.,<br><br>　　　　　Defendants. | CASE NO. 2:25-cv-00568-JHC<br><br>ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR EXPEDITED DISCOVERY |

# I
### INTRODUCTION

This matter comes before the Court on Plaintiff's Ex Parte Motion for Expedited Discovery Ahead of Setting of Merger Vote. Dkt. # 23. Plaintiff Eric Gilbert asks the Court to grant expedited discovery to help determine whether to seek to preliminarily enjoin a May 16, 2025, vote by shareholders of Defendant Nordstrom, Inc., on a merger agreement. The agreement would allow Defendants Nordstrom family members and El Puerto de Liverpool, S.A.B. de C.V. (Liverpool) to acquire all outstanding common shares of Nordstrom. *Id.* at 2. The Court has reviewed the materials filed in support of and in opposition to the motion, the record, and the governing law. Being fully advised, the Court DENIES the motion.

## II
### BACKGROUND

In 2023, Defendants Erik and Peter Nordstrom (Nordstrom Brothers), both officers of Nordstrom and members of its Board of Directors, supported a review of potential strategic alternatives for Nordstrom that included a sale of the company. Dkt. # 1 at 4–5, 10, ¶¶ 8–9, 39. In February 2024, the Nordstrom Brothers told the Board that they, along with other Nordstrom family members and Liverpool, might be interested in a take-private transaction. Dkt. # 41 at 4 (citing Dkt. # 1 at 13, ¶ 50 (redacted)). That month, the Board formed a Special Committee consisting of three disinterested and independent directors that oversaw the possibility of such a transaction. *Id.* at 4–5 (citing Dkt. # 1 at 13–14, 18–28, ¶¶ 54–55, 69–104 (redacted)). On September 3, 2024, the Board approved by unanimous consent a buyer group for such a transaction consisting of Nordstrom family members and Liverpool. *Id.* at 5 (citing Dkt. # 1 at 22, 28, ¶¶ 85, 105 (redacted)). On December 22, 2024, Nordstrom entered into a merger agreement under which Nordstrom family members and Liverpool would acquire all outstanding common shares of Nordstrom. *Id.*

On January 9, 2025, Plaintiff, a common stockholder of Nordstrom, requested inspection of Nordstrom's corporate books and records to investigate an alleged violation of the Washington Business Corporations Act's Anti-Takeover Statute, RCW 23B.19.040. *Id.*; Dkt. # 23 at 2 n.2. On February 28, 2025, Defendants produced books and records "largely consisting of confidential Board and Special Committee minutes related to the [merger]." Dkt. # 41 at 6. After inspecting these documents, Plaintiff believed that the proposed merger violates the Anti-Takeover Statute because it "is not subject to the approval of stockholders holding two-thirds of the Company's shares *excluding* the Buyer Group [i.e., the Nordstrom family members and

ORDER DENYING PLAINTIFF'S EX PARTE
MOTION FOR EXPEDITED DISCOVERY - 2

Liverpool]." Dkt. # 23 at 2. On March 4, 2025, Nordstrom filed a preliminary proxy statement about the merger. Dkt. # 41 at 5 n.3 (providing link), 6.

On March 31, 2025, Plaintiff filed a class action complaint against Defendants alleging violation of the Anti-Takeover Statute and breach of fiduciary duties. Dkt. # 1. On April 3, 2025, Nordstrom's counsel told Plaintiff that Nordstrom will likely hold a shareholder vote on the merger in May 2025. Dkt. # 41 at 6. The next day, Plaintiff filed the present motion, and the Court granted it in part as to its request for an expedited briefing schedule. Dkt. ## 23; 26. Plaintiff seeks expedited discovery of "documents and communications concerning the September 3 Proposal . . . and the Anti-Takeover Statute from June 1, 2024 to September 11, 2024" to determine whether to move for a preliminary injunction enjoining the shareholder vote. Dkt. # 23 at 3. Plaintiff asks the Court to order Defendants to respond to his expedited discovery requests within ten days of the Court's ruling on his motion. *Id.*

### III
### DISCUSSION

Plaintiff's theory that the merger would violate the Anti-Takeover Statute is based on timing. Plaintiff says, "The Anti-Takeover Statute places strict limits on transactions between a Washington corporation and an 'acquiring person' for a period of five years after the acquiring person acquires 10% of the Company's outstanding stock." *Id.* at 3 (citing Dkt. # 1 at 14–15, ¶¶ 58–60). During those five years, a corporation cannot engage in a merger unless it is "approved (a) by the board of directors *prior to* the acquiring person's share acquisition time; or (b) by the affirmative vote of two-thirds of the Company's outstanding shares *excluding* the votes of the acquiring person." *Id.* And under the statute, a person "owns" shares with another person if they have an applicable "agreement, arrangement or understanding" (AAU). *Id.* Because the Nordstrom family members and Liverpool (collectively buyer group) own 43% of

Nordstrom's stock, Plaintiff says that the merger triggers the Anti-Takeover Statute's pre-approval requirement. *Id.* at 3–4. Plaintiff asserts that the Board's September 3, 2024 approval of the buyer group's formation does not satisfy this requirement because such approval was made *after* the buyer group had acquired more than 10% of Nordstrom's outstanding stock by reaching an AAU. *Id.* at 4 (citing Dkt. # 1 at 15–16, 28 ¶¶ 61, 104 (redacted)). Plaintiff thus contends that the merger "violates the Anti-Takeover Statute because it is not conditioned on the approval of holders of two-thirds of the Company's outstanding shares, *excluding* the Buyer Group's shares." *Id.* Defendants do not challenge this characterization of the Anti-Takeover Statute but contend that Plaintiff's theory conflicts with legislative intent and that no court has applied the statute.[1] Dkt. # 41 at 7–10.

Plaintiff requests expedited discovery that "will be principally focused on confirming that members of the Nordstrom Family and Liverpool reached an AAU *prior to* Board approval on September 3, 2024." Dkt. # 23 at 5–6. The Court may allow discovery before a conference under Federal Rule of Civil Procedure 26(f) upon a showing of "good cause." *Fluke Elecs. Corp. v. CorDEX Instruments, Inc.*, 2013 WL 566949, at *10 (W.D. Wash. Feb. 13, 2013). "In considering whether good cause exists, factors courts may consider include (1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Id.* (quotation marks and citation omitted).

Plaintiff has not shown good cause for expedited discovery. Plaintiff does not respond to Defendants' assertion that if "Plaintiff moves for an injunction, the Court will be presented

---

[1] The Court recognizes that Defendants had a one-day turnaround to file their expedited response brief and that Defendants may later challenge Plaintiff's characterization of the Anti-Takeover Statute.

ORDER DENYING PLAINTIFF'S EX PARTE
MOTION FOR EXPEDITED DISCOVERY - 4

primarily with a legal issue" of interpreting the Anti-Takeover Statute, which Plaintiff acknowledges is one of first impression.  Dkt. ## 41 at 3; 45 at 5.  Without fuller briefing on this issue, the Court cannot conclude whether expedited discovery is warranted.  And in any event, Plaintiff acknowledges that evidence from Nordstrom's production in response to his books and records request supports his allegations of AAUs between the Nordstrom Brothers and Liverpool.  Dkt. # 45 at 3, 5.  He still says that he needs expedited discovery of "documents showing the contemporaneous communications of the Nordstrom Brothers and Liverpool." *Id.* at 5.  But without more specificity, it is unclear what these documents would show that Nordstrom's books and records production and preliminary proxy statement do not.  Plaintiff also only makes conclusory statements that his expedited discovery requests are "narrowly tailored" and that any burden would be outweighed "by the interest in ensuring the $6.25 billion merger meets the Anti-Takeover Statute's requirements." *Id.* at 6.  These generalized statements do not show good cause.

## IV
## CONCLUSION

For these reasons, the Court DENIES Plaintiff's ex parte motion for expedited discovery. The Court sets the following briefing schedule for a motion for preliminary injunction, should Plaintiff file one:

| Deadline for Plaintiff to file a motion for a preliminary injunction | April 18, 2025 |
| --- | --- |
| Deadline for Defendants to respond | April 25, 2025 |
| Deadline for Plaintiff to file a reply | April 29, 2025 |

/

/

/

Dated this 11th day of April, 2025.

*John H. Chun*
John H. Chun
United States District Judge